IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | | |
| Plaintiff, | | **4:25CR3031** |
| vs. | | |
| RADARIOUS HUNTER, | | **ORDER** |
| Defendant. | | |

A telephone status conference was held today. During the telephone conference, the parties memorialized certain stipulations. These stipulations are delineated herein. First, the Government stipulated that it does not intend to pursue a theory under 26 U.S.C. 5845(a)(3) at trial. The Government agreed, and Defendant did not object to, that, if the Government later decides to pursue a theory under 26 U.S.C. 5845(a)(3) at trial, it must provide Defendant with notice of such at least thirty days prior to trial. Given this stipulation, Defendant orally moved to withdraw the Motion Pursuant to Fed.R.Crim.P. 12(b) and 7(f), (Filing No. 38). The Court granted this motion and ordered that, if the Government decides to pursue a theory under 26 U.S.C. 5345(a)(3), it must provide Defendant with notice of such at least thirty days prior to trial.

The Government also stipulated that it will not seek to admit into evidence at trial, in the government's case-in-chief, any statements made by Defendant once he was advised of the *Miranda* warnings at the police station on December 31, 2024. This does not impact the Government's ability to use such statements as impeachment evidence at trial. Given this stipulation, Defendant moved to withdraw the Motion to Suppress Statements (Filing No. 35). The Court granted this motion.

Given the withdrawal of the motions, the progression schedule at Filing No. 45 is vacated. The Court then addressed the progression of this case with counsel during the status conference. Defense counsel notified the court that Defendant needs additional time to consider and decide whether to enter a guilty plea or go to trial and time to review additional evidence recently received from the Government. Defendant moved to continue the status conference. The government did not object. Based on the comments of counsel, the court finds good cause has been shown and the oral motion to continue should be granted.  Accordingly,

IT IS ORDERED:

1) A telephonic conference with counsel will be held before the undersigned magistrate judge at 10:00 a.m. on September 12, 2025 to discuss setting any change of plea hearing or the date of the jury trial. Counsel for the parties shall use the conferencing instructions provided by the court to participate in the call.

2)    In accordance with 18 U.S.C. § 3161(h)(7)(A), the court finds that the ends of justice will be served by granting this continuance and outweigh the interests of the public and the defendants in a speedy trial.  Any additional time arising as a result of the granting of this motion, that is, the time between today's date and September 12, 2025, shall be deemed excludable time in any computation of time under the requirements of the Speedy Trial Act.  Failure to grant a continuance would deny counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. § 3161(h)(7)(A) & (B)(iv). Failing to timely object to this order as provided under this court's local rules will be deemed a waiver of any right to later claim the time should not have been excluded under the Speedy Trial Act.

Dated this 28th day of August, 2025.

BY THE COURT:

s/ Jacqueline M. DeLuca
United States Magistrate Judge